J. T. Medaris *et al.* *v.* Towlan Cowan *et al.*

J. T. MEDARIS *et al.* *v.* TOWLAN COWAN *et al.*

APPEAL. *Bond. Sufficiency of. Judgments on authenticated accounts.* A bond for costs and damages is sufficient in appeals from judgments on authenticated accounts from other States or counties, such accounts not being placed on the same footing with bonds, bills single, promissory notes, unliquidated accounts to be signed by the parties, and other instruments mentioned in Sec. 3,162 of the Code.

Cases cited : Hunter *v.* Anderson, 1 Heisk., 1 ; Code, Secs. 3,161, 3,780.

### FROM LINCOLN.

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

J. W. NEWMAN for Medaris.

LAMB & TILLMAN for Cowan.

NICHOLSON, C. J., delivered the opinion of the Court.

Towlan Cowan and others recovered judgment in the Circuit Court of Lincoln County for about $1,969, on an account from Pennsylvania, authenticated as required by the statute. Defendants specifically denied on oath two items in the account. After the judgment they appealed in error, and gave bond in $250 to cover damages and costs.

A motion is made on behalf of defendants to dismiss the case for the insufficiency of the appeal bond.

It is insisted that the bond should have been in double the amount of the judgment below, instead of in $250, conditioned to pay costs and damages. It is admitted that by Sec. 3,162 of the Code, the appeal bond is to be in double the amount of the judgment only in cases of judgments rendered on bonds, bills single, bills of exchange, promissory notes, liquidated accounts signed by the party to be charged, written obligations for the payment of bank notes, or promissory notes, bonds or written obligations for the delivery of specific articles, or on endorsement of negotiable instruments, and that the present judgment appealed from is not rendered on any of the instruments specified. But it is argued, that inasmuch as an account properly authenticated from another county or State is made conclusive evidence against the party sought to be charged, unless he denies it on oath, as provided by Sec. 3,780 of the Code, therefore an account so authenticated stands on the same footing as evidence of indebtedness. as a promissory note, as held in *Hunter* v. *Anderson,* 1 Heisk., 1; and hence the appeal bond from a judgment on such an account, should be the same as from a judgment on a promissory note. These two sections of the Code provide rules for distinct subjects—one furnishing a rule of evidence and the other a rule of practice. The reason why authenticated accounts from other counties or States are not placed on the same footing, when provision is made for appeals from judgments on them, as from judgments on notes, bills single, etc., may not be apparent; but we are bound

to presume that the Legislature had good reason for the distinction, as the Act providing the rule of evidence in cases of authenticated accounts, was in force several years before the Act specifying the instruments, from judgments on which appeals could only be taken upon bonds covering the judgments; and yet the Legislature omitted to include authenticated accounts in the list of such instruments. We have no right to supply the omission—this would be judicial legislation. We are bound to hold that the present case is governed by Sec. 3,163, and that the bond is sufficient.

The motion to dismiss is disallowed.